# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 7, 2014

## STATE OF TENNESSEE v. ROMMEL OBLIGACION

**Appeal from the Circuit Court for Crockett County**
**No. 4183      Clayburn Peeples, Judge**

**No. W2013-00702-CCA-R3-CD  -  Filed April 15, 2014**

ROGER A. PAGE, J., concurring.

I concur with the majority opinion. However, I respectfully disagree with the standard of review followed by the majority regarding judicial diversion. I agree with the reasoning set forth in *State v. Kiara Tashawn King*, No. M2012-00236-CCA-R3-CD, 2013 WL 793588, at *7 (Tenn. Crim. App. Mar. 4, 2013), *perm. app. granted* (Tenn. Aug. 14, 2013), that after *Bise*, *Caudle*, and *Pollard*,

> portions of *Parker*, *Electroplating*, and their progeny in which this court reversed a trial court's decision to deny judicial diversion merely because the trial court failed to expressly consider one or more of the seven legally-relevant factors (or merely because it failed to specify why some factors outweighed others) can no longer be considered governing law.

*Kiara Tashawn King*, 2013 WL 793588, at *7. This reasoning flows from the concept in *Bise* that not all mistakes by the trial court merit reversal when the trial court adheres to the sentencing principles and guidelines. Furthermore, due to the changes in our sentencing review in other areas,

> it is undesirable, both as a matter of logic and as a matter of public policy, to maintain a rule that makes it far more onerous for trial courts to engage in the simple act of denying judicial diversion than it is for them to impose the maximum available sentence upon a defendant.

*State v. James Louis Rhodes, II*, No. M2013-00622-CCA-R3-CD, 2014 WL 989733, at *4 (Tenn. Crim. App. Mar. 13, 2014). Thus, a trial court should not be reversed because of a failure to strictly follow *Electroplating*. Instead, this court should review a trial court's denial of judicial diversion for abuse of discretion, applying a presumption of reasonableness

for decisions made within the guidelines. *Kiara Tashawn King*, 2013 WL 793588, at *6 (citing *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012)). "If this court determines that a trial court made errors when imposing sentence, we are nonetheless directed to th[o]roughly review the record to determine if the sentence imposed by the trial court may be affirmed on any other grounds appearing therein." *Id.* (citing *Bise*, 380 S.W.3d at 710). In short, it defies my understanding that a trial court can sentence an individual to one hundred years or more and have that sentence enjoy the presumption of reasonableness, yet the same trial court contemplating judicial diversion must consider several factors, assign weight to each factor, and properly weigh them against each other when exercising its discretion in determining if a defendant can have his or her record expunged.

The trial court heard arguments from defense counsel about appellant's military service, his work history, his family situation, and his mental and physical health. The trial court found that appellant had an "exemplary record" but further stated:

> Some offenses are such that the nature of the offense outweigh[s] some of the aspects of the Defendant's character. I don't see any reason in this case to isolate the Defendant. There's no need to put him in jail to keep the public safe from future offenses that he might [commit]. There's no need that I see for rehabilitation. I don't see any need to punish him so that he won't do this again. I agree with you. That's not going to be a problem. I have a great problem, however, when it comes to what some people refer to as general deterrence.

The trial court also stated that diversion would not serve the ends of justice or the interest of the public. The majority stated, "The only factor it appears that the trial court did not consider at all was the Defendant's mental and physical health." The majority further stated that the trial court failed to assign weight to the factors and "explain how they were outweighed by the 'nature' of the offense and need for general deterrence." In my opinion, the trial court's recitation shows that it considered and weighed the factors for judicial diversion. I would conclude that the trial court's denial of judicial diversion should be afforded a presumption of reasonableness and upheld despite its not explicitly discussing appellant's mental and physical health, the weight to be given to each judicial diversion factor, or how each factor was considered in its decision. I would affirm the judgment of the trial court without a finding of harmless error.

_____
ROGER A. PAGE, JUDGE